UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

WIDLER ALEXANDRE, indivdually and
on behalf of himself and all similarly
situated persons,

    Plaintiff,
v.

MILLENNIA HOUSING MANAGEMENT, LTD
a/k/a MILLENNIA HOUSING MANAGEMENT,
LTD. LLC, a foreign limited liability company,
FRANK T. SINITO, individually and
HARVEY H. MCCLINTOCK, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Widler Alexandre sues the Defendants, Millennia Housing Management, LTD. a/k/a Millennia Housing Management, LTC. LLC, Frank T. Sinito and Harvey H. McClintock and states as follows:

## INTRODUCTION

1. Widler Alexandre ("Alexandre" or "Plaintiff") files pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) for unpaid overtime wages, liquidated damages, benefits tied to wages, pre-judgment interest, attorney's fees, costs, and injunctive relief. The Plaintiff, a former employee of the Defendants, seeks recovery of wages, overtime pay, and associated benefits due to him, but remained unpaid during his employment by the Defendants Millennia Housing Management, LTD. a/k/a Millennia Housing Management, LTC. LLC ("Millennia"), Frank T. Sinito ("Sinito") and Harvey H. McClintock ("McClintock")[1]. Defendants intentionally

---

[1] Millennia Housing Management, LTD a/k/a Millennnia Housing Management, LTC, Frank T. Sinito, and Harvey H. McClintock collectively will be referred to as the "Defendants".

failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) hours per week.

2. Plaintiff seeks recovery of the accumulated unpaid overtime for the three (3) years preceding the filing of this action.

3. Plaintiff also seeks to represent other current and former employees of the Defendants employed during (3) years preceding the filing of this action. Plaintiff estimates that at least twenty-five (25) employees are similarly situated and were or currently are subject to the non-payment of overtime pay.

4. In addition to payment of the unpaid overtime, Plaintiff seeks for himself and all other employees similarly situated, recovery of benefits tied to wages earned, prejudgment interest, reasonable attorney's fees, and costs and all other available relief.

## JURISDICTION AND VENUE

5. The United States District Court for the Southern District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because the suit raises federal questions under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. Jurisdiction is founded upon § 216(b) of the FLSA.

6. The venue is proper in this Court under 28 U.S.C. § 1391(b) & (c), based upon the following:

    a. The Plaintiff sought employment by the Defendants, was interviewed for employment, was hired, worked substantially for Defendants, and was paid wages in the State of Florida. A substantial part of the events or omissions giving rise to the Plaintiff's claim arose in Miami-Dade or Palm Beach County, Florida.

    b. The Defendant McClintock resides in the in Pompano Beach, Broward County, Florida; and

      c. The corporate Defendant is registered with the Florida Department of State, Division of Corporations, as a foreign corporation conducting business in the State of Florida.

## PARTIES

**A.**     **Plaintiff**

7. Plaintiff Widler Alexandre, ("Alexandre" or "Plaintiff") was and is a resident of Palm Beach County, Florida.

      a. Defendants employed Alexandre from approximately July 2017 to February 2019.

      b. Plaintiff was hired by Defendants in the State of Florida and worked at Defendant Millennia's locations both in and outside the State of Florida.

      c. Plaintiff was a non-exempt maintenance technician who worked more than forty (40) hours during one (1) or more weeks during the three (3) years preceding this Complaint.

8. Plaintiff was individually engaged in interstate commerce, and the work he performed was directly essential to the interstate business performed by the corporate Defendant.

**B.**     **Corporate Defendant**

9. Defendant Millennia is a foreign limited liability company duly authorized to conduct business in the State of Florida. Millennia's members and managers, according to the records filed with the Florida Department of State, Division of Corporations, are Frank T. Sinito of Cleveland, Ohio and Harvey H. McClintock of Pompano Beach, Florida.

10. At all times material, Millennia employed persons who regularly were and are engaged in commerce or the production of goods for commerce, having an annual gross volume of sales or business of not less than Five Hundred Thousand Dollars ($500,000.00). Millennia

was and is an enterprise engaged in commerce or the production of goods for commerce as defined within sections 203(r) and (s) of the FLSA.

11. Millennia's website indicates it owns or manages real property in over twenty states.

C. **Individual Defendants**

12. Defendant Sinito was at all times material to the causes of action herein a member and manager of Millennia. Sinito is domiciled in Cleveland, Ohio.

   a. At all times material, Defendant Sinito acted directly in the interests of Defendant Millennia in relation to the Plaintiff and all other similarly situated employees and actively participated in the day-to-day operations of Millennia. Thus, Defendant Sinito was an "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d), and the Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

13. Defendant McClintock was at all times material to the causes of action herein a manager of Millennia. McClintock is domiciled in Pompano Beach, Florida and is responsible for the "Florida Oversight Responsibilities" of Millennia according to records filed with Florida Department of State, Division of Corporations.

   a. At all times material, Defendant McClintock acted directly in the interests of Defendant Millennia in relation to the Plaintiff and all other similarly situated employees who worked at Millennia's Florida locations. McClintock actively participated in the day-to-day operations of Millennia. Thus, Defendant McClintock was an "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d), and the Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

**COUNT I**
**ALEXANDRE AGAINST ALL DEFENDANTS**
**FOR VIOLATIONS OF THE FLSA OVERTIME PROVISIONS**

14. Plaintiff repeats and re-alleges paragraphs 1 to 13 as if there were fully incorporated herein.

15. Defendants employed Plaintiff as a non-exempt maintenance technician performing manual labor involving repetitive operations with their hands, physical skill, and energy.

16. Alexandre was a "blue collar" worker not subject to overtime exemptions.

17. Defendants Sinito and McClintock supervised Plaintiff as those Defendants were the managers and or members of Defendant Millennia or were responsible for Florida Oversight Responsibilities.

18. Defendants employed Alexandre from on or about July 2017 to February 2019.

19. Alexandre was individually engaged in commerce, and the work he performed was directly essential to the interstate business performed by the Defendants.

20. Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate him for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

21. Plaintiff routinely worked more than forty (40) hours per week.

22. As a direct and proximate result of Defendants' deliberate underpayment of overtime wages, Plaintiff's damages include loss of wages and loss of commensurate benefits tied to wages.

23. Records concerning the actual number of hours worked by Alexandre are in the possession, care, custody, and control of Defendants. Plaintiff is unable at this time to state the exact amount due and owing in overtime wages.

24. Defendants acted willfully in failing to pay Plaintiff his overtime compensation as required by the FLSA because Defendant was aware that Plaintiff was a non-exempt blue-collar worker entitled to overtime pay.

25. Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

26. Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff Widler Alexandre demands judgment against all Defendants as follows:

    a. for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA; and

    b. for such other and further relief as this Court deems just and proper.

## COUNT II
## STATUTORY COLLECTIVE ACTION AGAINST ALL DEFENDANTS
## FOR VIOLATIONS OF THE FLSA OVERTIME PROVISIONS

27. Plaintiff repeats and re-allege paragraphs 1 to 13 as if there were fully incorporated herein.

28. Plaintiff brings this action on behalf of himself and other similarly situated employees and former employees of Defendants Millennia, Sinito and McClintock, for unpaid overtime compensation and other relief under the FLSA, as amended.

29. Plaintiff Alexandre is aware that there are at least twenty (20) other non-exempt maintenance technicians who routinely worked overtime and were also deprived of full compensation of time and one-half for all hours worked over forty (40) hours in one or more work week during the three (3) years preceding the filing of this Complaint.

30. The additional employees and former employees who may become plaintiffs or opt-in plaintiffs in this action are persons who performed manual labor involving repetitive operations with their hands, physical skill, and energy.

31. All such employees and former employees were "blue-collar" workers not subject to overtime exemptions.

32. The additional non-exempt persons who may become plaintiffs or opt-in plaintiffs in this action (described in paragraphs 29-31 above) routinely worked over forty (40) hours in one or more work week during the three (3) years preceding the filing of this Complaint.

33. Defendants employed the additional non-exempt persons who may become plaintiffs or opt-in plaintiffs in this action for work weeks longer than forty (40) hours.

34. Defendants willfully failed to compensate the additional non-exempt employees or former employee for hours worked more than forty (40) hours a week at a rate of at least one and one-half times the regular rate of pay, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

35. Records concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to employees similarly situated to Plaintiff are in the possession, care, custody, and control of Defendants. The Plaintiff is unable at this time to state the exact amount due and owing to each similarly situated employee.

36. Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) by employing non-exempt persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their overtime hours worked.

37. Defendants owe all similarly situated current and former employees their lost overtime wages for each overtime hour worked over forty (40) hours in each workweek.

38. As a direct and proximate result of Defendants' intentional and willful disregard of the FLSA, Defendants owe all similarly situated employees unpaid overtime wages for the three (3) year period preceding the filing of this Complaint.

39. Any other non-exempt employee or former employee who consents to join in this action as a plaintiff is entitled to recover unpaid wages and payment for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

40. The Defendants continue to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of Defendants. Plaintiff requests the Court enjoin Defendants from further violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiff Alexandre on behalf of himself and all similarly situated employees or former employees demand judgment against Defendants as follows for each additional plaintiff or opt-in consent plaintiff:

    a. for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA;

    b.  permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

    c.  permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

    d.  grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated: May 7, 2019

Respectfully submitted,

/s/ Mark A. Cullen
_____
Mark Aloysius Cullen, Esq.
Florida Bar No. 325082
The Cullen Law Firm, P.A.
*Counsel for Plaintiff*
Clearlake Plaza
500 S. Australian Avenue, Suite 543
West Palm Beach, FL  33401
Telephone:  561.640.9191
Facsimile:  561.214.4021
E-mail:  mailbox@cullenlawfirm.net

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** WIDLER ALEXANDRE, indivdually and on behalf of himself and all similarly situated persons

**DEFENDANTS** MILLENNIA HOUSING MANAGEMENT, LTD a/k/a MILLENNIA HOUSING MANAGEMENT

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark A. Cullen, The Cullen Law Firm, P.A., 500 S. Australian Avenue Suite 543, West Palm Beach, FL 33411 561.640.9191

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

Other:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
(See instructions): a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE:   DOCKET NUMBER:

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
FLSA - 29 U.S.C. Sec. 201 et seq. - Unpaid Overtime Wages - Collective Action
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE April 30, 2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE

JS 44   (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**    **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**  **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
            Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| WIDLER ALEXANDRE, indivdually and on behalf of himself and all similarly situated persons,<br><br>*Plaintiff(s)*<br><br>v.<br><br>MILLENNIA HOUSING MANAGEMENT, LTD a/k/a MILLENNIA HOUSING MANAGEMENT, LTD. LLC, FRANK T. SINITO, and HARVEY H. MCCLINTOCK,<br><br>*Defendant(s)* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* MILLENNIA HOUSING MANAGEMENT, LTD
a/k/a MILLENNIA HOUSING MANAGEMENT, LTD. LLC
c/o C.T. Corporation System
1200 South Pine Island Road
Plantantion, FL 33324

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Mark A. Cullen, Esq., The Cullen Law Firm, P.A., 500 S. Australian Avenue, Suite 543, West Palm Beach, FL 33401; 561.640.9191; mailbox@cullenlawfirm.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| WIDLER ALEXANDRE, indivdually and on behalf of himself and all similarly situated persons,<br><br>*Plaintiff(s)*<br>v.<br>MILLENNIA HOUSING MANAGEMENT, LTD a/k/a MILLENNIA HOUSING MANAGEMENT, LTD. LLC, FRANK T. SINITO, and HARVEY H. MCCLINTOCK,<br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* FRANK T. SINITO
Millennia Housing Management, Ltd
4000 Key Tower, 127 Public Square
Cleveland, OH 44114

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Mark A. Cullen, Esq., The Cullen Law Firm, P.A., 500 S. Australian Avenue, Suite 543, West Palm Beach, FL 33401; 561.640.9191; mailbox@cullenlawfirm.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                                            _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| WIDLER ALEXANDRE, indivdually and on behalf of himself and all similarly situated persons,<br><br>*Plaintiff(s)*<br>v.<br>MILLENNIA HOUSING MANAGEMENT, LTD a/k/a MILLENNIA HOUSING MANAGEMENT, LTD. LLC, FRANK T. SINITO, and HARVEY H. MCCLINTOCK,<br>*Defendant(s)* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  HARVEY H. MCCLINTOCK
2607 E. Atlantic Avenue
Pompano Beach, FL  33062

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Mark A. Cullen, Esq., The Cullen Law Firm, P.A., 500 S. Australian Avenue, Suite 543, West Palm Beach, FL  33401; 561.640.9191; mailbox@cullenlawfirm.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: