UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-80612

WIDLER ALEXANDRE, indivdiually and
on behalf of himself and all similarly
situated persons,

     Plaintiff,

v.

MILLENNIA HOUSING MANAGEMENT, LTD
a/k/a MILLENNIA HOUSING MANAGEMENT,
LTD. LLC, a foreign limited liability company,
FRANK T. SINITO, individually and
HARVEY H. MCCLINTOCK, individually,

     Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Widler Alexandre sues the Defendants, Millennia Housing Management, LTD.

a/k/a Millennia Housing Management, LTC. LLC, Frank T. Sinito and Harvey H. McClintock,

files this Amended Complaint pursuant to Court order and states as follows:

## INTRODUCTION

1.     Widler Alexandre ("Alexandre" or "Plaintiff") files pursuant to the Fair Labor

Standards Act (29 U.S.C. § 201, *et seq.*) for unpaid overtime wages, liquidated damages, benefits

tied to wages, pre-judgment interest, attorney's fees, costs, and injunctive relief.  The Plaintiff, a

former employee of the Defendants, seeks recovery of wages, overtime pay, and associated

benefits due to him, but remained unpaid during his employment by the Defendants Millennia

Housing Management, LTD. a/k/a Millennia Housing Management, LTC. LLC ("Millennia"),

Frank T. Sinito ("Sinito") and Harvey H. McClintock ("McClintock")[1].  Defendants intentionally

---

[1] Millennia Housing Management, LTD a/k/a Millennnia Housing Management, LTC, Frank T.
Sinito, and Harvey H. McClintock collectively will be referred to as the "Defendants".

failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) hours per week.

2.      Plaintiff seeks recovery of the accumulated unpaid overtime for the three (3) years preceding the filing of this action.

3.      Plaintiff also seeks to represent other current and former employees of the Defendants employed during (3) years preceding the filing of this action. Plaintiff estimates that at least twenty-five (25) employees are similarly situated and were or currently are subject to the non-payment of overtime pay.

4.      In addition to payment of the unpaid overtime, Plaintiff seeks for himself and all other employees similarly situated, recovery of benefits tied to wages earned, prejudgment interest, reasonable attorney's fees, and costs and all other available relief.

## JURISDICTION AND VENUE

5.      The United States District Court for the Southern District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because the suit raises federal questions under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* Jurisdiction is founded upon § 216(b) of the FLSA.

6.      The venue is proper in this Court under 28 U.S.C. § 1391(b) & (c), based upon the following:

> a.  The Plaintiff sought employment by the Defendants, was interviewed for employment, was hired, worked substantially for Defendants, and was paid wages in the State of Florida. A substantial part of the events or omissions giving rise to the Plaintiff's claim arose in Miami-Dade or Palm Beach County, Florida.
>
> b.  The Defendant McClintock resides in the in Pompano Beach, Broward County, Florida; and

c.  The corporate Defendant is registered with the Florida Department of State, Division of Corporations, as a foreign corporation conducting business in the State of Florida.

## PARTIES

### A.  Plaintiff

7.  Plaintiff Widler Alexandre, ("Alexandre" or "Plaintiff") was and is a resident of Palm Beach County, Florida.

a.  Defendants employed Alexandre from approximately July 2017 to February 2019.

b.  Plaintiff was hired by Defendants in the State of Florida and worked at Defendant Millennia's locations both in and outside the State of Florida.

c.  Plaintiff was a non-exempt maintenance technician who worked more than forty (40) hours during one (1) or more weeks during the three (3) years preceding this Complaint.

8.  Plaintiff was individually engaged in interstate commerce, and the work he performed was directly essential to the interstate business performed by the corporate Defendant.

### B.  Corporate Defendant

9.  Defendant Millennia is a foreign limited liability company duly authorized to conduct business in the State of Florida.  Millennia's members and managers, according to the records filed with the Florida Department of State, Division of Corporations, are Frank T. Sinito of Cleveland, Ohio and Harvey H. McClintock of Pompano Beach, Florida.

10.  At all times material, Millennia employed persons who regularly were and are engaged in commerce or the production of goods for commerce, having an annual gross volume of sales or business of not less than Five Hundred Thousand Dollars ($500,000.00).  Millennia

was and is an enterprise engaged in commerce or the production of goods for commerce as defined within sections 203(r) and (s) of the FLSA.

11.     Millennia's website indicates it owns or manages real property in over twenty states.

**C.     <u>Individual Defendants</u>**

12.     Defendant Sinito was at all times material to the causes of action herein a member and manager of Millennia.  Sinito is domiciled in Cleveland, Ohio.

    a. At all times material, Defendant Sinito acted directly in the interests of Defendant Millennia in relation to the Plaintiff and all other similarly situated employees and actively participated in the day-to-day operations of Millennia. Thus, Defendant Sinito was an "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d), and the Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

13.      Defendant McClintock was at all times material to the causes of action herein a manager of Millennia.  McClintock is domiciled in Pompano Beach, Florida and is responsible for the "Florida Oversight Responsibilities" of Millennia according to records filed with Florida Department of State, Division of Corporations.

    a. At all times material, Defendant McClintock acted directly in the interests of Defendant Millennia in relation to the Plaintiff and all other similarly situated employees who worked at Millennia's Florida locations.  McClintock actively participated in the day-to-day operations of Millennia.  Thus, Defendant McClintock was an "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d), and the Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

## STATEMENT OF CLAIM INFORMATION  INCLUDED IN THE AMENDED COMPLAINT AS ORDERED BY THE COURT

14.     On May 10, 2019, this Court entered an Order in Actions Brought Under the Fair Labor Standards Act.  The Court ordered the Plaintiff to file a "Statement of Claim" and to include information regarding the following topics in an amended pleading if the original complaint did not contain information:

        a. An initial estimate of the total amount of alleged unpaid wages;
        b. A preliminary calculation of such wages;
        c. The approximate period during which the alleged FLSA violations
        occurred; and
        d. The nature of the wages (e.g., overtime or straight time).

15.     As to "An initial estimate of the total amount of alleged unpaid wages", Plaintiff states:  Without the benefit of the wage documents, travel documents, and receipts that are in the care, custody, and control of the employer Defendants, Plaintiff estimates his overtime wage damages to range from $7,000.00 to $57,000.00.

16.     As to "A preliminary calculation of wages", Plaintiff states:  The Plaintiff's preliminary calculation is based upon calculations utilizing overtime hours of 5, 10 and 12 hours of overtime per week with the calculation of the number of hours multiplied by a) one-half the regular hourly rate and b) one and one-half times the regular hourly rate.  Plaintiff traveled as a part of his job almost every single week.  The weekly estimation of 5, 10, and 12 hours does not reflect this compensable travel time, which will need to be calculated once the Plaintiff has all of the travel documents from his former employer.  The ranges of damages identified above include liquidated damages as provided by the FLSA.

      Plaintiff has most of his earning statements but only some of his travel documents and very few time records.  Plaintiff's travel documents, travel receipts, time sheets, emails, and

text communications with his employers and their agents are in the care, custody, and control of the Defendants.  With respect to the earning statements, the weeks 8/25/18 and 9/8/18 reflect 190.50 and 181 hours, respectively under the column named "Hours".  If Defendants' records are correct, overtime for these two weeks alone will exceed $9000.00.   Plaintiff is not certain of the correctness of the earning statement documentation concerning his actual hours worked.  As such, he cannot and does not rely solely on the earning statements because they may not reflect his actual hours worked.

17.     Count I includes the he approximate dates of the FLSA violations against Plaintiff Alexandre.  Counts I and II include the nature of the FLSA damages—overtime—with respect to the Plaintiff Alexandre and the as yet unknown opt-in or future Plaintiffs.

18.     Plaintiff cannot ascertain the collective action damages at this time.

**COUNT I**
**ALEXANDRE AGAINST ALL DEFENDANTS**
**FOR VIOLATIONS OF THE FLSA OVERTIME PROVISIONS**

19.     Plaintiff repeats and re-alleges paragraphs 1 to 18 as if there were fully incorporated herein.

20.     Defendants employed Plaintiff as a non-exempt maintenance technician performing manual labor involving repetitive operations with their hands, physical skill, and energy.

21.     Alexandre was a "blue collar" worker not subject to overtime exemptions.

22.     Defendants Sinito and McClintock supervised Plaintiff as those Defendants were the managers and or members of Defendant Millennia or were responsible for Florida Oversight Responsibilities.

23.     Defendants employed Alexandre from on or about July 2017 to February 2019.

24.     Alexandre was individually engaged in commerce, and the work he performed was directly essential to the interstate business performed by the Defendants.

25.     Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate him for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

26.     Plaintiff routinely worked more than forty (40) hours per week.

27.     As a direct and proximate result of Defendants' deliberate underpayment of overtime wages, Plaintiff's damages include loss of wages and loss of commensurate benefits tied to wages.

28.     Records concerning the actual number of hours worked by Alexandre are in the possession, care, custody, and control of Defendants.  Plaintiff is unable at this time to state the exact amount due and owing in overtime wages.

29.     Defendants acted willfully in failing to pay Plaintiff his overtime compensation as required by the FLSA because Defendant was aware that Plaintiff was a non-exempt blue-collar worker entitled to overtime pay.

30.     Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

31.     Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff Widler Alexandre demands judgment against all Defendants as follows:

a.      for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA; and

b.      for such other and further relief as this Court deems just and proper.

**COUNT II**
**STATUTORY COLLECTIVE ACTION AGAINST ALL DEFENDANTS**
**FOR VIOLATIONS OF THE FLSA OVERTIME PROVISIONS**

32.     Plaintiff repeats and re-allege paragraphs 1 to 13 and 18 as if there were fully incorporated herein.

33.     Plaintiff brings this action on behalf of himself and other similarly situated employees and former employees of Defendants Millennia, Sinito and McClintock, for unpaid overtime compensation and other relief under the FLSA, as amended.

34.     Plaintiff Alexandre is aware that there are at least twenty (20) other non-exempt maintenance technicians who routinely worked overtime and were also deprived of full compensation of time and one-half for all hours worked over forty (40) hours in one or more work week during the three (3) years preceding the filing of this Complaint.

35.     The additional employees and former employees who may become plaintiffs or opt-in plaintiffs in this action are persons who performed manual labor involving repetitive operations with their hands, physical skill, and energy.

36.      All such employees and former employees were "blue-collar" workers not subject to overtime exemptions.

37.     The additional non-exempt persons who may become plaintiffs or opt-in plaintiffs in this action (described in paragraphs 29-31 above) routinely worked over forty (40) hours in one or more work week during the three (3) years preceding the filing of this Complaint.

38.     Defendants employed the additional non-exempt persons who may become plaintiffs or opt-in plaintiffs in this action for work weeks longer than forty (40) hours.

39.     Defendants willfully failed to compensate the additional non-exempt employees or former employee for hours worked more than forty (40) hours a week at a rate of at least one and one-half times the regular rate of pay, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

40.     Records concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to employees similarly situated to Plaintiff are in the possession, care, custody, and control of Defendants.  The Plaintiff is unable at this time to state the exact amount due and owing to each similarly situated employee.

41.     Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) by employing non-exempt persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their overtime hours worked.

42.     Defendants owe all similarly situated current and former employees their lost overtime wages for each overtime hour worked over forty (40) hours in each workweek.

43.     As a direct and proximate result of Defendants' intentional and willful disregard of the FLSA, Defendants owe all similarly situated employees unpaid overtime wages for the three (3) year period preceding the filing of this Complaint.

44.     Any other non-exempt employee or former employee who consents to join in this action as a plaintiff is entitled to recover unpaid wages and payment for overtime for the three

(3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

45.     The Defendants continue to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of Defendants.  Plaintiff requests the Court enjoin Defendants from further violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiff Alexandre on behalf of himself and all similarly situated employees or former employees demand judgment against Defendants as follows for each additional plaintiff or opt-in consent plaintiff:

a.     for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA;

b.     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

c.     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

d.     grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated: June 7, 2019

Respectfully submitted,

/s/ Mark A. Cullen

_____

Mark Aloysius Cullen, Esq.
Florida Bar No. 325082
The Cullen Law Firm, P.A.
*Counsel for Plaintiff*
Clearlake Plaza
500 S. Australian Avenue, Suite 543
West Palm Beach, FL  33401
Telephone:  561.640.9191
Facsimile:  561.214.4021
E-mail:  mailbox@cullenlawfirm.net