UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80612-CIV-ALTMAN/Brannon

WIDLER ALEXANDRE,

       Plaintiff,

v.

MILLENIA HOUSING MANAGEMENT, LTD.
*a/k/a* MILLENIA HOUSING
MANAGEMENT, LTD., LLC, *et al.*,

       Defendants.

_____/

## ORDER REQUIRING SUBMISSION OF
## SETTLEMENT AGREEMENT FOR COURT APPROVAL

**THIS MATTER** comes before the Court upon U.S. Magistrate Judge Dave Lee Brannon's Paperless Minute Entry, in which Judge Brannon indicated that, on November 18, 2019, the parties resolved this matter at a Settlement Conference [ECF No. 50]. Judge Brannon's Order makes clear that the only remaining issue in the case is the proper apportionment of attorney's fees. *See id.*

The Plaintiff brought this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The parties to an FLSA suit may settle that suit under one of the following two circumstances: (1) where the settlement is supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); or (2) where a district court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). But, before a district court may approve an FLSA settlement, it must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind

the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). On the other hand, where a defendant offers the plaintiff full compensation on his or her FLSA claim, courts view the settlement as inherently fair—and thus no judicial approval is required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Therefore, if, in this case, the Plaintiff has *not* been offered full compensation on his FLSA claims, the parties shall submit for the Court's review and approval, by **December 2, 2019**, their proposed settlement agreement. Please note that, where an FLSA settlement must be approved by the Court, the agreement becomes a part of the judicial record, and may not be deemed confidential—irrespective of the parties' agreement. *See, e.g.*, *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002) (noting that, even where a settlement is entered into the court's file under seal, it becomes part of the judicial record). As such, the parties are instructed ***not*** to submit their settlement agreement under seal.

Moreover, while prevailing plaintiffs in FLSA cases are entitled to an award of reasonable attorney's fees and costs, the Court cannot make such an award without first reviewing affidavits and exhibits that detail the extent of Plaintiff's counsel's work on this case. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a

settlement agreement."). Plaintiff's counsel is therefore instructed to file any documents that might assist the Court in determining the proper amount of the attorney's fees and costs in this case.

Finally, before submitting a proposed settlement agreement, the parties are admonished to ensure that the agreement: (1) identifies and apportions settlement proceeds _evenly_ as unpaid wages and liquidated damages; (2) does not include either a confidentiality covenant or a corresponding liquidated damages provision for the breach of that covenant; (3) attaches affidavits and billing statements detailing the number of hours Plaintiff's counsel worked on this case, a description of the work done during those hours, and the hourly rate counsel used to calculate his or her attorney's fees; (4) contains correct calculations with respect to the sums of money to be exchanged; and (5) addresses, to the extent necessary, the _Leverso_ factors, including by noting the difference between the Plaintiff's statement of claim demand and the agreed upon settlement amount.

Accordingly, the Court hereby

**ORDERS AND ADJUDGES as follows:**

1. The Clerk of Court shall administratively **CLOSE** this case without prejudice to the parties to file their proposed settlement agreement and corresponding documentation by **December 2, 2019**. The agreement may not be filed under seal.

2. If the Plaintiff was offered full compensation on his FLSA claim, judicial approval of the agreement is not required, and the parties shall file a Stipulation of Dismissal within **thirty (30) days** of this Order.

3. If the parties fail to complete the expected settlement, either party may ask the Court to reopen the case.

4. Any pending motions are **DENIED AS MOOT**, and any scheduled hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of November 2019.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record