UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80612-CIV-Altman/Reinhart

WIDLER ALEXANDRE,

                Plaintiff,

vs.

MILLENIA HOUSING MANAGEMENT, LTD
a/k/a MILLENIA HOUSING MANAGEMENT,
*et al.,*

                Defendants.

_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DE 58)**

      Currently before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. DE 58. This motion was referred to the undersigned by the presiding District Judge. DE 60. The undersigned has reviewed the Plaintiff's motion (DE 58) and Defendants' response in opposition (DE 61).[1] For the reasons stated below, this Court **RECOMMENDS** that Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART.**

**DISCUSSION**

      Plaintiff brought this lawsuit alleging Defendants violated the overtime pay provision of the Fair Labor Standards Act (FLSA). Counsel negotiated a settlement agreement which the District Court declined to approve until the pending attorneys' fees dispute is resolved. DE 55. Pursuant to the terms of the settlement, Defendants agreed to pay Plaintiff $20,000.00, representing overtime wages and liquidated damages, plus attorneys' fees and costs "determined by the Court."

---

[1] No reply papers were filed and the time for doing so has expired.

DE 56 at 2.  With the instant motion, Plaintiff seeks attorneys' fees in the amount of $55,385.00 and $400.00 in costs.  Defendants do not oppose the Plaintiff's request for reimbursement of his $400.00 filing fee, but object to the amount of attorneys' fees as excessive.  The Court finds Plaintiff is entitled to recover his $400.00 filing fee as a taxable cost under § 1920.  *See Gonzalez v. City of Hialeah*, No. 17-20128-CIV, 2018 WL 1863746, at *3 (S.D. Fla. Mar. 6, 2018), report and recommendation adopted, No. 17-20128-CIV, 2018 WL 1786963 (S.D. Fla. Apr. 13, 2018) (J. Scola), aff'd, 760 F. App'x 840 (11th Cir. 2019).

1. **Calculation of Attorneys' Fees: the Lodestar Method**

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[1]

---

[1]  In computing the lodestar amount, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent.  *Wachovia Bank v. Tien,* No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.  1974) (listing nearly identical factors to consider in determining a reasonable attorney's fee)).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original).  In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").  *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.  That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time

expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

### A. <u>Hourly Rate</u>

        *a.  Hourly Rate of Attorney Mark A. Cullen*

According to the motion, Plaintiff's counsel, Mark A. Cullen, charges an hourly rate of $400.00. DE 58-2 at 6. Mr. Cullen has been practicing complex civil litigation for over 39 years and is a partner in The Cullen Law Firm, P.A. DE 58-2 at 1, 6. Mr. Cullen cites several cases which find $400.00 to be a reasonable hourly rate for an attorney with comparable years of experience. DE 58-1. Defendants do not challenge the hourly rate requested by Mr. Cullen at $400.00 per hour. DE 61 at 4. Based on prior hourly rates awarded to other attorneys of similar experience in this District and the Court's own knowledge of the rates charged by local practitioners, the Court finds the requested rate of $400.00 per hour for Mr. Cullen to be reasonable. *See Ikpe v. Kreative Therapy & Rehab Ctr., Inc.*, Case No. 18-23217-CIV, 2019 WL 1369502, at *2 (S.D. Fla. Mar. 20, 2019) (J. Williams) (holding that $400.00 per hour was a reasonable rate for an attorney with 16 years of experience in an FLSA case).

b. *Hourly Rate of Attorney Catherine A. Cullen*

According to the motion, Plaintiff's counsel requests an hourly rate of $325.00 for Catherine A. Cullen.  DE 58 at 6.  Defendants challenge the requested hourly rate for Ms. Cullen as "excessive, unreasonable, and unsupported" because she only ascended from the role of paralegal to attorney during the pendency of this lawsuit.  DE 61 at 4.  Ms. Cullen became an attorney on September 17, 2019 after 23 years of experience as a litigation paralegal.  DE 58 at 6. While acknowledging that there are no cases which afford a first-year attorney a rate of $325.00 an hour, Plaintiff's counsel argues Ms. Cullen should be afforded an hourly rate equal to an associate with 3 to 5 years of litigation experience.  DE 58 at 7.

Defendants note that Ms. Cullen was an attorney for less than four months when this case settled and counter that "courts have approved reasonable rates for a new lawyer with less than a year or two of experience at $150 to $200 an hour…."  DE 61 at 4.  *See H.C. v. Bradshaw*, No. 18-cv-80810, 2019 WL 5079773, *9 (S.D. Fla. Oct. 10, 2019) (J. Matthewman) (concluding that a rate of $200.00 per hour was reasonable for a first-year attorney in South Florida); *See also Garcia v. United Recovery Solutions*, No. 17-cv-81199, 2018 WL 3701151, *4 (S.D. Fla. July 16, 2018) (J. Valle) (concluding that a rate of $200 per hour was reasonable for an attorney with three years' experience in South Florida).

Considering Ms. Cullen's level of experience beyond that of a typical first-year attorney and the Court's own knowledge of the rates charged by local practitioners, the Court finds that $250.00 is a reasonable hourly rate for Ms. Cullen's services as an attorney.  *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-cv-60629, 2017 WL 5633312, *4 (S.D. Fla. Aug. 7, 2017) (J. Hopkins) (finding that $250.00 was an appropriate hourly rate for a young associate who formerly worked on the case as a law clerk).

c. *Hourly Rate of Paralegals*

Plaintiff's counsel also seeks $125.00 per hour for paralegal work performed by Ms. Donna Stevens and Ms. Cullen before Ms. Cullen became an attorney.  DE 58 at 6.  Defendants do not challenge the requested hourly rate of $125.00 for paralegal time (DE 61 at 4) and the Court finds the requested paralegal rate is reasonable.  *See Purcella v. Merchantile Adjustment Bureau*, No. 18-CV-61268, 2019 WL 6462550, at *6 (S.D. Fla. Nov. 13, 2019) (J. Valle) (finding paralegal compensation at an hourly rate of $125 per hour to be reasonable).

**B.  Hours Expended**

The Court has reviewed the billing records submitted by The Cullen Law Firm, P.A., which indicate the following time spent on this case since February 16, 2019:

Attorney Time

| | |
|---|---|
| Mark Cullen | 55.90 hours |
| Catherine Cullen | 80.50 hours |

Paralegal Time

| | |
|---|---|
| Donna Stevens | 6.6 hours |
| Catherine Cullen | 48.3 hours |

DE 58 at 8.  During that time, Mark and Catherine Cullen attended settlement conferences, researched and reviewed the FLSA claim, requested jurisdictional discovery, researched the Court's personal jurisdiction over Defendant Frank Sinito, attended a discovery hearing, and responded to a motion to dismiss.

a. *Time Responding to Mr. Sinito's Motion to Dismiss for Lack of Personal Jurisdiction*

Plaintiff counsel's fee request includes time to respond to Mr. Sinito's motion to dismiss for lack of personal jurisdiction.  DE 58-3 at 5-8.  Defendants assert the hours expended responding

to the motion to dismiss were "unnecessary, incurred for unsuccessful purposes, and should not be subject to compensation." DE 61 at 7. Defendants cite *Lane v. Capital Acquisitions & Mgmt. Co.*, for the proposition that "[a] downward adjustment of the lodestar may be required not only where there are excessive, redundant, or otherwise unnecessary hours, but also when the party being awarded fees . . . spent time on unsuccessful and unrelated claims." 554 F. Supp. 2d 1345, 1350 (S.D. Fla. 2008). In *Lane*, the Court declined to award Plaintiff's attorney's fees for time spent on non-FLSA claims against other Defendants. *Id.*

By contrast, in the instant case, Plaintiff brought only one FLSA claim against all three defendants. DE 6. Defendants' assertion that Plaintiff's "separate claims against Mr. Sinito also raised wholly unique jurisdictional issues, the briefing of which cannot seriously be argued to have substantively advanced Plaintiff's FLSA claims against Millennia itself" is unpersuasive. DE 61 at 8. Mr. Sinito's involvement in the lawsuit was directly related to his role as CEO of Millenia.[2] Indeed, all three Defendants were named in the Amended Complaint as employers under the FLSA and the parties' proposed Settlement Agreement reveals that the corporate Defendant will pay the liabilities of the individual Defendants. DE 56 at 2, ¶4.

It is unreasonable to file a motion to dismiss, in effect forcing the other side to respond to maintain their lawsuit, and then subsequently argue that Plaintiff counsel should not receive any fees for the work required to defend their client's claim. Additionally, a proposed settlement was reached before the District Judge ruled on the motion to dismiss, therefore, it cannot be said that Plaintiff counsel's defense of the motion was unsuccessful or that it failed to "advance any of Plaintiff's FLSA claims against Millennia." DE 61 at 9. Accordingly, Plaintiff counsel's

---

[2] See also Sinito Declaration at ¶ 3 (DE 26.1)

preparation of a 17-page response plus exhibits to Defendants' Motion to Dismiss was reasonable and Plaintiff is entitled to recover those fees.

    *b.   Time Pursing Discovery from Mr. Sinito*

Plaintiff's counsel seeks fees for 10.8 hours expended pursuing jurisdictional discovery from Mr. Sinito.  DE 58-3 8, 10-14.  Defendants claim that Plaintiff should not be compensated for such time because "the Court's personal jurisdiction was never resolved, jurisdictional discovery was never completed, and it therefore did not advance Plaintiff's FLSA claims."  DE 61 at 9.

This Court specifically permitted Plaintiff to seek jurisdictional discovery from Mr. Sinito and granted "leave to obtain merits discovery from Mr. Sinito in the future based on a showing of good cause."  DE 48.  It can hardly be said that pursuing discovery from Mr. Sinito "failed to advance Plaintiff's FLSA" claims because this case was settled between the parties before the District Judge ruled on the Motion to Dismiss.  Plaintiff counsel's time spent pursuing jurisdictional discovery from Mr. Sinito was reasonable and Plaintiff is entitled to reimbursement.

    *c.   Staffing*

Defendants challenge the hours expended by Plaintiff's counsel at three events as unnecessarily duplicative.  DE 61 at 6.  Those three events with corresponding requested billable hours are as follows:

• August 15, 2019 - Mark Cullen and Catherine Cullen each billed 2.0 hours for attending a settlement conference;[3]

• November 8, 2019 - Mark Cullen billed 2.2 hours to "prepare attorney for discovery hearing. . . [and] attend as second chair," while Catherine Cullen billed 1.5 hours to "prepare for and attend discovery hearing;"[4]

_____

[3] When this work was performed Catherine Cullen was a paralegal.

[4] When this work was performed Catherine Cullen was an attorney.

• November 18, 2019 - Mark Cullen billed 4.0 hours while Catherine Cullen billed 1.0 hour to attend a second settlement conference.

DE 61 at 6-7.

This Court finds such staffing redundant. *See Vazquez v. 1052 LLC*, No. 15-22677-Civ, 2016 WL 541432, *3 (S.D. Fla. Feb. 11, 2016) (J. Cooke) ("When more than one attorney represents a party, a court must deduct from the fee award any 'redundant hours.'"). Accordingly, the 3.0 hours Catherine Cullen spent attending the two settlement conferences (2.0 hours as a paralegal and 1.0 hour as an attorney), should be deducted because Mark Cullen was present. Likewise, the 2.2 hours that Mark Cullen spent accompanying Catherine Cullen to the November 8th discovery hearing should also be deducted.

    *d.   Correspondence Review*

In the fee petition there are over fifty entries where the timekeeper billed 0.1 hour to "receive and review" correspondence from their client and defense counsel, "receive and review" paperless orders, and "receive and review" single page orders. DE 58-3. The Court finds this practice to be excessive and reduces these hours by two-thirds. *See DaSilva v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at *7 (S.D. Fla. June 9, 2009) (J. Hopkins) citing *Denner v. Texas Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at *3 (W.D. Tex. Jan. 29, 2007) ("[C]ourt found attorney billed an excessive amount of time for reviewing emails, where she appeared to have billed .1 hour for each email she read."). Catherine Cullen is responsible for roughly seventy percent of those entries and Mark Cullen is responsible for roughly thirty percent. Accordingly, Catherine Cullen's time should be reduced by 2.33 hours and Mark Cullen's time should be reduced by 1 hour.

*e.  Fee Petition*

Finally, Plaintiff's counsel seeks 20.1 hours for preparing their fee petition, including 5.5 hours spent researching prevailing market rates in the Southern District of Florida.  DE 58-3 at 15-16.  While the Court recognizes that Plaintiff is entitled to recover the time his attorneys spent preparing their fee petition, the Court finds that the time sought is excessive.  *See Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV, 2011 WL 13220344, at *2 (S.D. Fla. June 22, 2011) (J. Goodman) (noting that Eleventh Circuit has "allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees") (citing *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010)).  Based on the Court's knowledge and experience reviewing fee petitions, it finds 5.0 hours preparing the instant fee petition to be reasonable.  *See Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").  Accordingly, Mark Cullen's 5.4 hours spent drafting and preparing the affidavit and attachments for the fee petition is reduced to 1.0 hour and Catherine Cullen's 14.7 hours spent researching market rates and drafting the petition is reduced to 4.0 hours.

Accordingly, this Court recommends that Plaintiff recovers attorneys' fees as follows:

| | | |
|---|---|---|
| Mark A Cullen, Esq. | 48.30 hours x $400 = | $19,320.00 |
| Donna M. Stevens, Paralegal | 6.60 hours x $125 = | $825.00 |
| Catherine A. Cullen | | |
| Paralegal | 46.30 hours x $125 = | $5,787.50 |
| Esquire | 66.47 hours x $250 = | $16,617.50 |
| | **TOTAL:** | **$42,550.00** |

## RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorneys' Fees and Costs (DE 58), awarding Plaintiff recovery of $42,550.00 in attorneys' fees and $400.00 in costs for a total of $42,950.00.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 4th day of March, 2020 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge